**LAW OFFICES OF**
**O'KEKE & ASSOCIATES, P.C.**
801 Franklin Avenue
Brooklyn, New York 11238
Phone: (718) 855-9595
Attorneys for plaintiff

**CV 12 - 2562**

------------------------------------------------x--------------------------------
JOHN HARDING, CRYSTAL BARCOMB and : **UNITED STATES DISTRICT COURT**
LEON GRANT                                                    : **EASTERN DISTRICT OF NEW YORK**

           Plaintiff(s),                       :
                                                                           :  CASE No.:_____
    against                                              : SUMMONS ISSUED
                                                                           :  CIVIL ACTION

THE CITY OF NEW YORK,                              :
P.O. HASSAN RAZA (SHIELD# 09198)        :  **COMPLAINT**
and JOHN DOE and JANE DOE 1-6             :
                                                                           :  PLAINTIFF DEMANDS
                                                           GARAUFIS, J.  TRIAL BY JURY

                                                              GOLD, M.J.

           Defendant(s).                     :
------------------------------------------------x--------------------------------

    TAKE NOTICE, the Plaintiffs, John Harding, Crystal Barcomb and Leon Grant, hereby appear in this action by their attorneys, The Law Offices of O'keke & Associates, P.C., and demand that all papers be served upon them, at the address below, in this matter.

    Plaintiffs, John Harding, Crystal Barcomb and Leon Grant, by their attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New York, P.O. HASSAN RAZA (SHIELD# 09198) and JOHN DOE and JANE DOE 1-6, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiffs all reside in Brooklyn, New York and are residents of the State of New York.

7. Defendants P.O. HASSAN RAZA (SHIELD# 09198) and JOHN DOE and JANE DOE 1-6, are all police officers employed by the City of New York under the New York Police Department. The

names of the JOHN DOE and JANE DOE 1-6, being currently unknown to the plaintiffs.

8. Defendant Officers named in the previous paragraph are being sued in both their individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about April 21, 2011, at approximately 8:45PM, defendants' P.O. HASSAN RAZA (SHIELD# 09198) and JOHN DOE and JANE DOE 1-6, employed with the New York City Police Department and assigned to NYPD 75th Precinct, without probable cause and or justification, violently assaulted the plaintiffs, and unlawfully arrested and detained the plaintiffs. The plaintiff's were subsequently charged with PL 205.30, Resisting Arrest, amongst other charges. All Charges against plaintiff John Harding, were subsequently adjourned in contemplation of Dismissal, while all charges against plaintiffs' Crystal Barcomb and Leon Grant, proceed to trial, were after a trial on the record, both plaintiffs were acquitted of all charges.

11. Prior to and after effecting the illegal arrest against the plaintiffs, plaintiffs were sitting in a stationary car in the car park of same plaintiffs' residence, located at 765 Lincoln Avenue, Brooklyn, New York, in the County of Kings, City and State of New York. Plaintiff Barcomb, had just entered the car after returning from using the restroom, when defendant officer Raza, along with John Doe 1, approached the car with their guns drawn and violently extracted the plaintiffs from the car. That after removing plaintiffs from car and while the defendant officers were illegally searching the plaintiffs' car, plaintiff Leon Grant placed a call on his cell phone to his mother, to inform her that he was being arrested for no reason downstairs in the car park. That the defendant officers then snapped, kicking plaintiff Grant to the floor, making plaintiff Grant and repeatedly assaulting him. That when plaintiff Barcomb, saw what was happening to plaintiff Grant, she immediately informed the officers that all the violence was not necessary, especially as they were doing

wrong or illegal. One of the defendant officer's responded by slamming plaintiff Barcomb on the floor and dragging her causing plaintiff Barcomb to sustain bruises and lacerations, to various parts of her body. That while the defendant officers were assaulting plaintiff Barcomb, she informed them that she was pregnant, her fiancé, plaintiff Harding who was handcuffed behind the car was told not to move an inch, while one of the defendant officers held a gun to the back of his head, making comments on how they would blow his brains all over his pregnant fiancée. That thereafter, the plaintiffs were all removed to the 75th precinct, where they were pedigreed and placed in holding cells for several hours, with no food, no drink, and no access to any restroom facilities. That while plaintiff Grant, was being placed in a cell, he repeatedly informed the officers that he was going to sue them. One of the defendant officers not liking said comment, punched plaintiff Grant in the mouth, while plaintiff Grant. After being unlawfully detained at the 75th precinct for several hours, the plaintiffs were then transported to the Central Booking Division of the Criminal Court, Kings County. That on arrival at the Kings County Central Booking, the plaintiffs were again pedigreed and placed in a holding cell with numerous other arrestees and without no food, drink and or access to use restroom facilities. The plaintiffs were eventually brought up before a judge more than twenty-four hours after the initial incident in the car park. Plaintiff Harding, received an ACD, while plaintiffs Barcomb and Grant were charged to return to court on a different date. Plaintiffs Barcomb and Grant were caused to return to court at least ten times until an acquittal after trial on May 8, 2012.

12. That for some time during the ordeal, the plaintiffs were unlawfully arrested and assaulted.

13. That during the entire ordeal, plaintiffs were not read their Miranda rights, further; plaintiffs were denied any food, drink or access to use the restroom.

14. Plaintiffs Barcomb and Grant were caused to return to court on numerous later court adjourned dates, before plaintiffs were acquitted of all charges.

15. That plaintiffs were arrested, assaulted, harassed and detained unlawfully without any just cause.

16. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed by the plaintiffs, they still proceeded to arrest plaintiffs, charge, harass, assault and incarcerate plaintiffs just to intimidate plaintiffs.

17. That at no time during the arrest were any of the plaintiffs read their Miranda rights or allowed access to counsel, necessary food or water.

18. At no time did plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiffs act against or in violation of the laws of New York State, or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the defendants.

19. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, migraines, severe headaches, panic attacks, mental anguish and unwarranted severe anger bouts, severe pain in various parts of their bodies and individual ailments some or all of which may be permanent.

20. The unlawful arrest, wrongful imprisonment and assault of plaintiffs, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

21. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, emotional distress, nightmares, migraines, severe headaches, panic attacks, mental anguish and unwarranted severe anger bouts and individual ailments some or all of which may be permanent.

22. As a direct and proximate result of their unlawful detention, assault and confinement, Plaintiffs have lived in terror of their attack, they continue to suffer from nightmares, are fearful of going outside and when they see the police, they suffer various emotional attacks, in addition, they have been unable to function normally which has caused severe strains and breakdown in their personal relationships, in and outside of their respective homes.

23. As a direct and proximate result of defendant's actions, plaintiffs were assaulted, arrested, and detained without just or probable cause.

24. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

25. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

26. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

27. The actions of defendants, acting under color of State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

28. By these actions, defendants have deprived plaintiffs of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

29. Plaintiffs continue to suffer physically and emotionally due to the actions of the defendants.

30. This action has been commenced within one year and ninety days of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendants Officers

31. Plaintiffs hereby restates paragraphs 1-30 of this complaint, as though fully set forth below

32. By detaining and imprisoning the plaintiffs without justification, probable cause or reasonable suspicion, using excessive force and assaulting them, the Defendants' Officers, deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

33. In addition, the Defendants officers named and unnamed conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

34. The Defendants Officers named and unnamed acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers named and unnamed were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

Assault and Battery and use of Excessive Force--all

Defendants

36. Plaintiffs hereby restates paragraph 1-35 of this complaint, as though fully set forth below

37. In using excessive force, physically assaulting, handcuffing, threatening, starving and intimidating plaintiffs, the Defendant Officers named and unnamed, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

38. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

## AS A THIRD CAUSE OF ACTION:

False Arrest, False Imprisonment and Malicious Prosecution
--all defendants

39. Plaintiffs hereby restates paragraph 1-38 of this complaint, as though fully set forth below

40. The Defendant Officers named and unnamed wrongfully and illegally detained, and imprisoned the Plaintiff.

41. The wrongful arrest, imprisonment and subsequent malicious prosecution of the Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

42. At all relevant times, the Defendant Officers named and unnamed acted forcibly in apprehending, detailing, imprisoning and falsely testifying against the Plaintiffs.

43. During this period, the Plaintiffs were unlawfully and wrongfully assaulted, harassed, detained, threatened and maliciously prosecuted.

44. Throughout this period, the Plaintiffs were unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

45. All of the foregoing occurred without any fault or

provocation on the part of the Plaintiffs.

46. Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

47. The Defendant Officers named and unnamed acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A FOURTH CAUSE OF ACTION:

Intentional and/or Negligent Infliction of Emotional Distress- all Defendants

49. The Plaintiffs hereby restates paragraph 1-48 of this complaint, as though fully set forth below.

50. The Defendant Officers named and unnamed engaged in extreme and outrageous conduct, intentionally, recklessly and or negligently causing severe emotional distress to plaintiffs.

51. Plaintiffs' emotional distress has damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

52. Defendants, their officers, agents' servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendant Officers named and unnamed, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## **AS FOR A FIFTH CAUSE OF ACTION:**

Negligent and Retention of Employment Services-against defendant City of New York.

54. Plaintiffs' hereby restates paragraph 1-53 of this Complaint, as though fully set forth below.

55. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiffs.

56. Upon information and belief, Defendant City of New York, through the NYPD owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

57. Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

58. Upon information and belief, Defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

59. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

**WHEREFORE,** plaintiffs respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and

costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: May 21, 2012
Brooklyn, New York

O'keke& Associates, PC.

Patrick O'keke, Esq. (PO-2861)
Attorney for Plaintiffs
801 Franklin Avenue
Brooklyn, New York 11238
Tel. (718) 855-9595